1

2

3

4

5
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

6

7
ROSE RUFF,                                    )   No. 1:15-CV-03176-LRS
                                              )
8
                        Plaintiff,            )   **ORDER GRANTING**
                                              )   **PLAINTIFF'S MOTION FOR**
9
            vs.                               )   **SUMMARY JUDGMENT,**
                                              )   *INTER ALIA*
10
NANCY A. BERRYHILL,                           )
Acting Commissioner of Social                 )
11
Security,                                     )
                                              )
12
                        Defendant.            )
                                              )
13  _____  )

14
**BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment

(ECF No. 12) and the Defendant's Motion For Summary Judgment (ECF No. 16).

15

16

17
**JURISDICTION**

18
Rose Ruff, Plaintiff, applied for Title II Disability Insurance benefits (DIB)

and Title XVI Supplemental Security Income benefits (SSI) on October 31, 2011.

19
The applications were denied initially and on reconsideration. Plaintiff timely

20
requested a hearing which was held on December 5, 2013, before Administrative

21
Law Judge (ALJ) Timothy Mangrum. Plaintiff testified at the hearing, as did

22
Vocational Expert (VE) Trevor Duncan. On May 13, 2014, the ALJ issued a decision

23
finding the Plaintiff not disabled. The Appeals Council denied a request for review

24
of the ALJ's decision, making that decision the Commissioner's final decision subject

25
to judicial review. The Commissioner's final decision is appealable to district court

26
pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

27

28
**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 1**

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here.  At the time of the administrative hearing, Plaintiff was 43 years old.  She has a high school education and past relevant work experience as a bookkeeper, telemarketer, office manager, accounting clerk, cashier and general clerk.  Plaintiff alleges disability since October 31, 2011, on which date she was 41 years old.  Her date last insured for Title II benefits was December 31, 2014.

## STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational

///

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 2**

1    interpretation, the court must uphold the decision of the ALJ.  *Allen v. Heckler*, 749

2    F.2d 577, 579 (9th Cir. 1984).

3        A decision supported by substantial evidence will still be set aside if the proper

4    legal standards were not applied in weighing the evidence and making the decision.

5    *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir.

6    1987).

7

8                                   **ISSUES**

9        Plaintiff argues the ALJ  erred in:  1) improperly weighing the medical

10   evidence; and 2) improperly discounting Plaintiff's credibility.

11

12                                 **DISCUSSION**

13   **SEQUENTIAL EVALUATION PROCESS**

14       The Social Security Act defines "disability" as the "inability to engage in any

15   substantial gainful activity by reason of any medically determinable physical or

16   mental impairment which can be expected to result in death or which has lasted or can

17   be expected to last for a continuous period of not less than twelve months."  42

18   U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  The Act also provides that a claimant

19   shall be determined to be under a disability only if her impairments are of such

20   severity that the claimant is not only unable to do her previous work but cannot,

21   considering her age, education and work experiences, engage in any other substantial

22   gainful work which exists in the national economy.  *Id*.

23       The Commissioner has established a five-step sequential evaluation process for

24   determining whether a person is disabled.  20 C.F.R. §§ 404.1520 and 416.920;

25   *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987).  Step one determines

26   if she is engaged in substantial gainful activities.  If she is, benefits are denied.  20

27   C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i).  If she is not, the decision-maker

28

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 3**

1  proceeds to step two, which determines whether the claimant has a medically severe

2  impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii) and

3  416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination

4  of impairments, the disability claim is denied.  If the impairment is severe, the

5  evaluation proceeds to the third step, which compares the claimant's impairment with

6  a number of listed impairments acknowledged by the Commissioner to be so severe

7  as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii) and

8  416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1.  If the impairment meets or

9  equals one of the listed impairments, the claimant is conclusively presumed to be

10  disabled.  If the impairment is not one conclusively presumed to be disabling, the

11  evaluation proceeds to the fourth step which determines whether the impairment

12  prevents the claimant from performing work she has performed in the past.  If the

13  claimant is able to perform her previous work, she is not disabled.  20 C.F.R. §§

14  404.1520(a)(4)(iv) and 416.920(a)(4)(iv).  If the claimant cannot perform this work,

15  the fifth and final step in the process determines whether she is able to perform other

16  work in the national economy in view of her age, education and work experience.  20

17  C.F.R. §§ 404.1520(a)(4)(v) and 416.920(a)(4)(v).

18       The initial burden of proof rests upon the claimant to establish a prima facie

19  case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th

20  Cir. 1971).  The initial burden is met once a claimant establishes that a physical or

21  mental impairment prevents her from engaging in her previous occupation.  The

22  burden then shifts to the Commissioner to show (1) that the claimant can perform

23  other substantial gainful activity and (2) that a "significant number of jobs exist in the

24  national economy" which claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496,

25  1498 (9th Cir. 1984).

26  ///

27  ///

28

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 4**

## ALJ'S FINDINGS

The ALJ found the following: 1) Plaintiff has "severe" medical impairments, those being: degenerative disc disease (DDD) and status post cubital tunnel decompression; 2) Plaintiff's impairments  do not meet or equal any of the impairments listed in  20 C.F.R. § 404 Subpart P, App. 1; 3) Plaintiff has the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that she can never climb ladders, she can frequently push/pull bilaterally with upper extremities, she can frequently stoop, she can never crouch or crawl, she can occasionally reach overhead, and handling and fingering are limited to frequent; and 4)  Plaintiff's RFC allows her to perform her past relevant work as a telemarketer and as an office manager.  Accordingly, the ALJ concluded the Plaintiff is not disabled.

## MEDICAL OPINIONS

### A.  Dr. Utley

In his decision, the ALJ wrote the following about the opinion of Rodney Utley, M.D.:

> Although significant weight is given to the state-agency opinion from [Rodney] Utley, M.D., that the claimant is not disabled and has the residual functional capacity to perform a reduced range of light work because this is generally consistent with the overall record as stated, I find her (the claimant's) testimony partly credible and reduce her residual functional capacity assessment to less than sedentary. [Citation omitted].  While Dr. Utley also opines that the claimant can only climb ramps and stairs frequently, occasionally kneel, needs to avoid concentrated exposure to extreme cold, vibration, as well as fumes, odors, dusts, gases, and poor ventilation, these limitations are not supported by the objective findings as stated [Citations omitted].  The claimant's activities of daily living demonstrate that she is not so limited.

(AR at p. 20).

///

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 5**

1    What the ALJ did not refer to regarding Dr. Utley's opinion was his statement

2    that Plaintiff would be limited to occasional handling and fingering with her right

3    hand due to "1st and 5th finger weakness and atrophy." (AR at pp. 80-81).  As noted,

4    the ALJ found Plaintiff could "frequently" handle and finger items which is

5    inconsistent with Dr. Utley's statement.  The ALJ did not specifically acknowledge

6    Dr. Utley's statement and therefore, did not specifically explain why he apparently

7    rejected the statement that Plaintiff was limited to occasional handling and fingering

8    with her right hand.

9    The court is limited to reviewing the findings of the ALJ and to reviewing the

10   specific facts and reasons asserted by the ALJ.  *Connett v. Barnhart*, 340 F.3d 871,

11   874 (9th Cir. 2003).  An ALJ need not discuss evidence that is neither significant nor

12   probative.  *Howard v. Barnhart*, 341 F.3d 1006, 102 (9th Cir. 2003).  With, however,

13   respect to significant, probative evidence, such as an expert opinion, an ALJ must

14   explicitly reject the opinion and set forth specific reasons of the requisite force.

15   *Nguyen v. Chater*, 100 F.3d 11462, 1464 (9th Cir. 1996).   The opinion of a non-

16   examining physician, such as Dr. Utley, may be rejected by reference to specific

17   evidence in the medical record.  *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir.

18   1998).  A district court cannot affirm the judgment of an agency on a ground the

19   agency did not invoke in making its decision.  *Pinto v. Massanari*, 249 F.3d 840, 847-

20   48 (9th Cir. 2001).  The ALJ's opinion must contain sufficient findings to permit

21   intelligent judicial review, especially with regard to significant probative evidence.

22   *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

23   Consistent with the aforementioned authorities is Social Security Ruling (SSR)

24   96-8p, 1996 WL 374184, which provides in relevant part:

25            The RFC assessment must always consider and address
              medical source opinions.  If the RFC assessment conflicts
26            with an opinion from a medical source, the adjudicator
              must explain why the opinion was not adopted.

27   ///

28
**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 6**

While the ALJ's RFC finding, as the Commissioner points out, is not, per SSR 96-5p, required to match the findings of any particular medical source, it must nonetheless explain why a particular finding was not adopted.  In her summary judgment motion, the Commissioner makes no mention of SSR 96-8p, instead asserting that the ALJ made specific findings elsewhere in his decision about Plaintiff's ability to use her hands that make clear his reasons for finding her capable of frequent handling and fingering.  The Commissioner therefore invites the court, in contravention of the law, to make findings for the ALJ as to why he rejected Dr. Utley's statement about Plaintiff's handling and fingering limitations and to affirm the ALJ's decision on a ground he did not invoke.  Furthermore, the ALJ's error is not harmless as it is not "inconsequential to the ultimate non-disability determination."  No doctor opined that Plaintiff could frequently handle and finger with her right hand.  As Plaintiff points out, the VE testified that if Plaintiff were limited to "occasional" handling and fingering, in conjunction with her limitation to less than sedentary work, she would not be capable of performing any work, including her past relevant work.  (AR at p. 56).[1]

## B.  Michele Cardenas, PA-C

Plaintiff saw Cardenas, a physician's assistant, in April 2012.  (AR at p. 661).  Plaintiff was assessed with ulnar nerve neuropathy and gave her consent for "ulnar nerve decompression and transposition."  (AR at p. 662).  Cardenas indicated Plaintiff

---

[1] It is not a forgone conclusion that the ALJ would reject Dr. Utley's opinion about the extent of Plaintiff's handling and fingering limitation, considering he concluded the Plaintiff was even more limited in terms of exertional capacity (less than sedentary work) than opined by Dr. Utley  (reduced range of light work).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 7**

1  could not return to work/school for 12 to 18 months because of the surgery, that the

2  "nerve may take up to 18 months to return" and "[p]ossible it may not."  (AR at p.

3  664).  Cardenas saw the Plaintiff post-surgery in May 2012.  Her assessment was that

4  Plaintiff was "stable 2 weeks postop."  (AR at p. 653).

5      While the ALJ in his decision referenced Cardenas's note that Plaintiff was

6  stable within two weeks (AR at p. 19), he did not mention her belief that it would take

7  up to 18 months for Plaintiff's nerve "to return."  In his decision, the ALJ cited to the

8  June 2012 report of Kyle Frederick Chun, M.D., who indicated that Plaintiff's

9  surgical incision was well-healed , she did not have any Tinel's sign over the cubital

10  tunnel[2], and although she had limited strength in her right hand, she was doing well

11  and improving. (AR at p. 19).

12      As noted above, an ALJ need not discuss evidence that is neither significant

13  nor probative.  *Howard*, 341 F.3d at 102.  The Commissioner contends Cardenas's

14  opinion about Plaintiff's prospective recovery was not probative to her actual

15  functional abilities during the alleged disability period because, as revealed in Dr.

16  Chun's note and in Plaintiff's hearing testimony, her prediction regarding Plaintiff's

17  recovery proved inaccurate.  There is nothing in Dr. Chun's June 2012 post-surgery

18  report which is manifestly contrary to what Cardenas opined in her April 2012 pre-

19  surgery report that it may take up to 18 months for Plaintiff's nerve "to return" and

20  it was "possible it may not."  Nor is Plaintiff's hearing testimony that her right hand

21  was "okay" and "functional" (AR at p. 39) manifestly contrary to Cardenas's

22  prediction, particularly so when Plaintiff also testified that her right hand was "achy,"

23  ///

24

25      [2] The sign that a nerve is irritated.  Tinel's sign is positive when lightly

26  banging over the entire nerve elicits a sensation of tingling or "pins and needles"

27  in the distribution of the nerve.  www. MedicineNet.com

28  **ORDER GRANTING PLAINTIFF'S**

**MOTION FOR SUMMARY JUDGMENT- 8**

"tightens up," "hurts," "cramps up," is "a little off," does not have "full feeling," and there is "a little numb[ness] in the fingers." (AR at p. 39; see also AR at pp. 46-47).

Cardenas's opinion about when Plaintiff's nerve function might return is significant and probative and therefore, should have been discussed by the ALJ and rejected only if there were "germane" reasons for so doing.[3]

### C.  Scott Heflick, M.D.

The ALJ gave no weight to the "medical source statement" of Dr. Heflick "that the [Plaintiff] is disabled because she has [zero] ability to use her fingers, hands and arms overhead,"[4] finding it inconsistent with the record "and her own testimony that her hands are 'ok' and 'functional.'" (AR at p. 20).  The ALJ also did not assign any weight to Dr. Heflick's assessment that Plaintiff was limited to sedentary work "because nothing regarding the [Plaintiff's] residual functional capacity was actually detailed on this boilerplate/template form." (AR at p. 20).

---

[3] Nurse practitioners, physicians' assistants, and therapists (physical and mental health) are not "acceptable medical sources" for the purpose of establishing if a claimant has a medically determinable impairment.  20 C.F.R. §§404.1513(a) and 416.913(a).  Their opinions are, however, relevant to show the severity of an impairment and how it affects a claimant's ability to work.  20 C.F.R. §§404.1513(d) and 416.913(d).  An ALJ can reject opinions from these "other source[s]" by providing "germane" reasons for doing so. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010).

[4] As noted above, the ALJ did find that Plaintiff "can at best reach occasionally overhead."

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 9**

1    What the ALJ refers to as a "medical source statement" is actually a "Physical
2    Residual Functional Capacity" assessment completed by Dr. Heflick on August 22,
3    2013.  Dr. Heflick indicated he had treated the Plaintiff for seven years "intermittent"
4    for neck, back, hip and shoulder pain, and the symptoms he listed for Plaintiff were
5    consistent therewith.  (AR at p. 688).  Medical records from Dr. Heflick indicate he
6    started treating Plaintiff  in November 2006 following a motor vehicle accident in
7    which she was involved.  (AR at p. 550).  From the record, it appears his involvement
8    in the diagnosis and treatment of Plaintiff's right hand dysfunction was limited.
9    While it is understandable why the ALJ chose to give no weight to Dr. Heflick's
10   opinion regarding Plaintiff's handling and fingering limitations, it is not apparent
11   what basis the ALJ had for ignoring other limitations opined by Dr. Heflick related
12   to neck, back, hip and shoulder pain including twisting, stooping, turning her head,
13   and the need to sit and stand at will.  (AR at pp. 691-92).  Indeed, the ALJ agreed
14   with Dr. Heflick that Plaintiff's exertional capacity limited her to sedentary work and
15   disagreed with Dr. Utley that she had the RFC for a reduced range of light work.

16   The Commissioner asserts the ALJ rejected further postural and exertional
17   limitations because they were inconsistent with objective findings in the record, as
18   well as because of Plaintiff's daily living activities.  The passage from the ALJ's
19   decision cited by the Commissioner in support of this assertion, however, does not
20   indicate the ALJ rejected the "further postural and exertional limitations" identified
21   above.  Rather, the ALJ rejected Dr. Utley's opinion regarding a different and discrete
22   set of limitations- climb ramps and stairs frequently, occasionally kneel, avoid
23   concentrated exposure to extreme cold, vibration, fumes, odors, dusts, gases and poor
24   ventilation- which the ALJ found were "not supported by the objective findings as
25   stated," and inconsistent with Plaintiff's daily living activities.  (AR at p. 20).

26   In accord with SSR 96-2p, the ALJ will, on remand, be required to re-weigh
27   the opinions of Dr. Heflick regarding Plaintiff's postural and exertional limitations,

28

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 10**

specifically twisting, stooping, turning her head, and the need to sit and stand at will. This re-weighing shall be pursuant to the factors set forth in 20 C.F.R. §§ 404.1527(c) and 416.927(c) because of the "treatment relationship" between Dr. Heflick and the Plaintiff.

**REMAND**

Social security cases are subject to the ordinary remand rule which is that when "the record before the agency does not support the agency action, . . . the agency has not considered all the relevant factors, or . . . the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler v. Commissioner of Social Security Administration*, 775 F.3d 1090, 1099 (9th Cir. 2014), quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598 (1985).

In "rare circumstances," the court may reverse and remand for an immediate award of benefits instead of for additional proceedings. *Treichler*, 775 F.3d at 1099, citing 42 U.S.C. §405(g). Three elements must be satisfied in order to justify such a remand. The first element is whether the "ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* at 1100, quoting *Garrison*, 759 F.3d at 1020. If the ALJ has so erred, the second element is whether there are "outstanding issues that must be resolved before a determination of disability can be made," and whether further administrative proceedings would be useful. *Id*. at 1101, quoting *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004). "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*. Finally, if it is concluded that no outstanding issues remain and further proceedings would not be useful, the court may find the relevant testimony credible as a matter of

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 11**

1   law and then determine whether the record, taken as a whole, leaves "not the slightest

2   uncertainty as to the outcome of [the] proceedings." *Id*., quoting *NLRB v. Wyman-*

3   *Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969).  Where all three elements are satisfied-

4   ALJ has failed to provide legally sufficient reasons for rejecting evidence, there are

5   no outstanding issues that must be resolved, and there is no question the claimant is

6   disabled- the court has discretion to depart from the ordinary remand rule and remand

7   for an immediate award of benefits. *Id*.  But even when those "rare circumstances"

8   exist, "[t]he decision whether to remand a case for additional evidence or simply to

9   award benefits is in [the court's] discretion."  *Id*. at 1102, quoting *Swenson v.*

10  *Sullivan*, 876 F.2d 683, 689 (9ᵗʰ Cir. 1989).

11          As should be apparent, the errors committed by the ALJ do not involve the

12  rejection of certain medical evidence, but instead the failure to consider certain

13  medical evidence.  Therefore, the first element discussed in *Treichler* to justify a

14  remand for an award of benefits is not satisfied.  Furthermore, this is not an instance

15  where the record, taken as a whole, leaves "not the slightest uncertainty as to the

16  outcome of [the] proceedings."  At this juncture, the court is unable to agree with

17  Plaintiff that the finding that she is capable of "frequent," rather than "occasional" use

18  of her hands "has no evidentiary support in the record."

19          Accordingly, this case shall be remanded for the ALJ to consider: 1) Dr.

20  Utley's opinion about Plaintiff's handling and fingering limitations; 2) Ms.

21  Cardenas's opinion regarding if and when Plaintiff would have nerve function return

22  in her right hand; and 3) Dr. Heflick's opinion regarding certain postural and

23  exertional limitations (twisting, stooping, turning of head, need to sit or stand at will).

24  ///

25  ///

26  ///

27  ///

28

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 12**

The ALJ will analyze the Plaintiff's credibility anew in conjunction with his consideration of this medical evidence.[5]

## CONCLUSION

Plaintiff's Motion For Summary Judgment (ECF No. 12) is **GRANTED** and Defendant's Motion For Summary Judgment (ECF No. 16) is **DENIED**.  The Commissioner's decision is **REVERSED**.  Pursuant to sentence four of 42 U.S.C. §405(g) and § 1383(c)(3), this matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.  An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED.**   The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to counsel of record.

**DATED** this ___6th___ day of March, 2017.

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge

---

[5] Accordingly, it is not necessary at this time to address Plaintiff's contention that the ALJ improperly discounted Plaintiff's credibility.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 13**